ELLEN ALLEN *v.* FARMERS' BANK OF KENTUCKY ET AL.

KATE ALLEN *v.* SAME.

ELI M. KENNEDY *v.* SAME.

HENRY E. SHAWHAN *v.* SAME.

EVERETT ALLEN *v.* J. D. DUCKWORTH ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—257.]

**Attachment of Land Conveyed Fraudulently.**

An attachment by creditors against land charged to have been conveyed by a debtor to defraud his creditors and that the grantee participated in and had knowledge of the fraud is sustained by proof that the grantor, after suits were filed against him by creditors, stated that he was not going to pay such debts but would convey his estate to others and that he did convey the greater portion of a good sized estate to relatives residing with him and who knew of his financial troubles and who do not furnish proof of or explain the transactions between them.

**Liens on Land Reserved for Purchase-Money.**

The liens of purchase-money notes secured by liens reserved in the conveyance are not lost by accepting renewals, without any intention to release them thereby.

APPEALS FROM SCOTT COURT OF COMMON PLEAS.

September 30, 1882.

OPINION BY JUDGE PRYOR:

The appellees, who are the creditors of one Joseph Cantrill, Duckworth, and others, are claiming precedence by reason of their attachments and executions levied, over the vendees of Cantrill and those to whom he had transferred and assigned certain notes executed to him by Duckworth. The Bank of Kentucky (an appellee) had sold to Cantrill a tract of land, retaining in the conveyance a lien for the purchase-money, and Cantrill sold the land to Duckworth, and afterwards purchased

Duckworth's land. There were liens on both tracts of land and the case is complicated to some extent by the pleadings, and the assertion of many conflicting interests. So far as the liens of the vendors exist there is but little difficulty, the only questions arising as to those liens being as to the extent of the payments made, and this branch of the case will be hereafter considered. When Duckworth purchased of Cantrill the land purchased by the latter of the bank, he conveyed to Cantrill a tract of 34 acres of land on which there was a dwelling, besides other improvements of considerable value. The appellees, the Bank of Kentucky and the Farmers' Bank, were pressing their claims for collection by suit, and Cantrill, who was in embarrassed circumstances as this record shows, conveyed, at or shortly after the institution of the actions by the banks, thirty-four acres of the land obtained from Duckworth to his sister-in-law, Ellen Allen, including the dwelling and the improvements, for the alleged consideration of $5,000.

The Bank of Kentucky in its petition alleges that the conveyance was made after it had taken legal steps to collect its debt, and further, that the conveyance was made to hinder and delay the creditors of Cantrill, and that Ellen Allen, the grantee, knew this when she accepted the conveyance and that neither the $5,000, nor any part of it, was paid. A further statement is made in the petition to this effect: "If they say she had paid $5,000 she is asked to say when she got it, and he is asked to state what become of it." An attachment was obtained and levied on the land, and the relief asked for is that the conveyance to Ellen Allen be set aside and the land subjected to the payment of the debts due the bank. The Farmers' Bank had an execution levied on the land conveyed to the appellant Ellen in a short time after she obtained the conveyance, and having been made a defendant to the action by the Bank of Kentucky, filed an answer and cross-petition against Cantrill and others for the purpose of enforcing the lien by reason of the levy. The appellant was not made a defendant to this cross-petition, but the claim of the bank was asserted against Cantrill and Duckworth by reason of the lien. The Farmers' Bank, however, during the progress of the case, filed another answer and cross-petition in which the conveyance of the land to the appellant was alleged to be fraudulent, as well as the assignment of the notes to

Shawhan, Kennedy, Everett Allen and Kate Allen. The aver-
ments of fraud are specifically made as against all the defend-
ants and they entered their appearance to this pleading.

There was but little oral proof on the question of fraud. The
testimony of one witness is that Cantrill stated, a few days be-
fore the conveyance was made, that he did not intend to pay the
debts due the bank and preferred to convey this land to some
lady whose name the witness did not recollect. The case was
submitted and the court below placing the burden of proof on
the appellant adjudged the deed fraudulent as to these creditors
whose debts were due when the conveyance was made. Counsel
for the appellant in the argument of this case assumes that no
pleading alleging fraud was filed by the Farmers' Bank to
which these appellants were made parties, but in this he is mis-
taken, and he now insists that, inasmuch as the appellant was
asked to state in the original petition where she got the money,
her answer should be read as a deposition, or at least that the
burden of showing fraud was on the plaintiffs. We deem it un-
necessary to determine whether interrogatories propounded in
the body of a petition by the plaintiff and responded to by the
defendant are to be regarded as a deposition. It is sufficient to
say that in this instance the mere inquiry of the defendant as
to where she got the money is not sufficient on the facts of this
record to place the burden on the plaintiff, and if such was the
ruling, still the facts of this record justify the conclusion reached
by the chancellor. It is certain that Joseph Cantrill, the real
debtor, was much involved at the date of the transactions and
that when his creditors were attempting to make their debts,
and after coercive remedies had been resorted to for that pur-
pose the conveyance was made, and not only so, but a short
time prior to this conveyance these notes on Duckworth
amounting to many thousand dollars were transferred to his
kindred, and no reason given why such a sweeping disposition
of his entire estate was made at or about the time his creditors
were attempting to make their debts or at least when he was
greatly involved in debt. The fact that the appellant lived with
the debtor, and with no other explanation of the transaction be-
tween the appellant and her relative than the inheritance of the
money alleged to have been paid him from her father's estate
fifteen or twenty years prior to the transaction,—did not change

the burden of showing fairness in the transaction, nor is it so persuasive as to authorize a judgment in her behalf.

The appeals of Kennedy against the banks, and of Kate Allen against the same will be next considered. Joseph Cantrill had transferred certain notes executed by Duckworth to him for land to these two appellants, and the Bank of Kentucky on an amended pleading alleged "that any sale or transfer of the notes except by Joseph Cantrill, if not made to hinder, delay and defraud creditors, as well as the sale and transfer of the notes described in the original petition and the sale of the land, was made in contemplation of insolvency, and with a design to prefer, and the contemplated insolvency was known to those to whom the transfers were made; that the sale to Kennedy was of notes amounting to $13,000 for $9,000, showing fraud upon its face." In addition it further alleged that the transfer to Kate Allen of her note was without consideration or an adequate consideration.

The same facts exist in regard to the action of the debtor in his assignment to these two parties as in the case of Ellen Allen, but it is maintained that there is no charge of fraud against any of the parties in this amended petition bringing them before the court for the first time, and it is again urged that the Farmers' Bank has no pleading attacking the assignment as fraudulent. On pages 13 and 14 of the record or that volume of it numbered 646 and containing the judgment it will be found that an amended answer and cross-petition was filed by the bank making specific charges of fraud, to which these appellants entered their appearance and answered, so the record as to the last appellants stands with a charge of fraud and want of consideration on the one side and a denial on the other. Besides in the case of the Bank of Kentucky they filed answers putting in issue the fraud alleged in the original petition and denying that imperfectly alleged in the amended pleading, in express terms, that the assignment was made to hinder and delay creditors. The issue as to the fraud was directly made and there is no escape from the conclusion reached by the chancellor as to these appellants. It is plain from the pleadings in this case that the assignor of the notes against whom executions had been issued and returned "No property found," when being pursued by his creditors, was placing his property beyond their reach,

and that those with whom he lived or those connected with his family had by assignment from him the bulk of his estate, and all are silent as to the consideration paid, or fail to give any explanation as to the good faith of the several transactions. No stronger case could be made out of the purpose on the part of the debtor to place his property beyond the reach of creditors, and it was certainly required of those who held these notes constituting the bulk of his estate to make a full and fair disclosure of these transactions had with Joseph Cantrill.

On the appeal of Shawhan, he states that the consideration for the assignment of a part of one of the notes to him was his agreeing to become bound as the surety of Cantrill to one Hall for a large sum of money; that he did become the surety and pay the money and take up the Hall note which is filed with his pleading. This fact is admitted in the pleading of Cantrill but there is no proof of the assignment and the fact is controverted in the answer of the banks to Shawhan's cross-petition. Shawhan says the note was not delivered to him and when filed with the answer of Kate Allen shows no assignment upon it. There is an amended answer by the Farmers' Bank in which it is alleged that the assignment is fraudulent. Joseph Cantrill gave his deposition and proves the payment to Hall by Shawhan but fails to prove any assignment. We are satisfied that the transaction between Cantrill and Shawhan was in good faith and, as he is entitled to a lien after the payment of the appellees' claim, it was error to allow the banks or those entitled to the rights of the bank ten per cent. on the lien notes. Such was not the original contract with the Bank of Kentucky, and the increased rate of interest by reason of a subsequent agreement can not be said to constitute a lien on the land. For this reason the case should be reversed, if no other, and we think on the return of the case he (Shawhan) should be allowed to take proof as to whether the assignment was in fact made, and, if made, attaching creditors or liens created by the levy of executions can not prevail over the lien he is entitled to assert by reason of the assignment from his vendor. The issue as to whether an assignment was made him by Cantrill is the only issue to be tried on this branch of the case on the return of the cause as between the appellees and Shawhan. It is further insisted by counsel for Shawhan that the renewal of the two notes discharged the lien

and that John Cantrill was not entitled to the rights of the bank who was the original vendor of the land to Cantrill. It is certain that John Cantrill, as the surety of Duckworth and Joseph Cantrill, paid off $2,800 of the purchase-money to the bank and that the bank retained a lien or rather never surrendered the lien note, but held it, subject to be credited when the $2,800 should be paid under the agreement with all the parties. John Cantrill had the note to pay and is asserting his right to a lien through the bank or claiming that in equity he is the holder of the lien to that extent.

This note paid by him was in fact the purchase-money due on the land and paid as such and as said in the opinion below he was the surety in fact, if not in form, for $2,800 of the purchase-money. It was error as already stated to have allowed the ten per cent. or the excess of interest as a lien on the property.

This brings us to the consideration of the appeal of Everett Allen, and upon that branch of the case the testimony conduces to show that the $2,800 credit given Duckworth in his settlement with Cantrill is the identical $2,800 for which John Cantrill is allowed a lien on the land sold Duckworth. The credit is for the same amount of the note paid Cantrill. The note is not produced by Duckworth and he says it was with his papers in the bank. The date of the credit is the same or about the same time, and, therefore, although there may be some doubt, there is no question that Duckworth is not entitled to the credit of $2,800, as the record now stands. As to the disposition of the other credits allowed Duckworth we perceive no error, and from the facts of this record it is evident that Everett Allen has but little cause to complain, and on the return of the cause if the assignment to Shawhan should be established we see no reason why the claim of Shawhan to the extent he has an interest in the purchase-money note should not be placed upon an equality with Everett Allen. We perceive no error in enforcing the lien of the Bank of Kentucky except as to the extra interest agreed to be paid. Upon the return of the case, as there is doubt whether the $2,800 credit claimed by Duckworth is the same allowed John Cantrill, Duckworth may be allowed to produce the note, or adduce more satisfactory evidence than he has given of its payment.

1. To simplify the case on the return of the cause the extra

interest to the bank said to be a vendor's lien should be disallowed as such.

2. Shawhan should be allowed to show his assignment to him of the note.

3. Duckworth must introduce more satisfactory proof as to the payment of the $2,800 other than that paid by John Cantrill or the credit would be repeated. That is all that is left of this case.

The judgment is *affirmed* as to Ellen Allen, Kate Allen and Kennedy, and *reversed* as to Shawhan and Everett Allen and cause remanded for further proceedings consistent with this opinion.

*Wm. Lindsay, for appellants in first three cases.*

*D. W. Lindsay and A. Duvall, for appellees.*

*Prewitt & Duvall, for Cantrill.*

*Hugh Rodman, for Duckworth.*